EXHIBIT 14



October 23, 2015

Dear Coach Kennedy:

On September 17, 2015, I provided you with guidance and a set of standards for compliance with Bremerton School District Board Policy 2340. Those directives were in response to your prior practices involving on-the-job prayer with players in the Bremerton High School football program, both in the locker room prior to games as well as on the field immediately following games. In general, I believe that you have attempted to comply with the guidelines set forth in that letter.

However, immediately following the end of the homecoming game on October 16, 2015, you knelt at midfield and bowed your head in prayer. While most of the BHS players were at that moment engaged in the traditional singing of the school fight song to the audience, your intention to pray at midfield following the game was widely publicized, including through your own media appearances.

I wish to emphasize my appreciation for your efforts to comply with the September 17 directives. Nevertheless, I find it necessary to clarify the District's expectations going forward. As was discussed in that letter:

> Many decades of federal court litigation, including decisions of the United States Supreme Court, have fleshed out the meaning of the First Amendment's Establishment Clause and Free Exercise Clause. In the public schools context, it is clear that schools and their employees may not directly prohibit students from participating in religious activities, nor may they require students to participate in religious activities. Further, it is equally clear that school staff may not indirectly encourage students to engage in religious activity (or discourage them from doing so), <u>or even engage in action that is likely to be perceived as endorsing (or opposing) religion</u> or religious activity. In short, schools and their employees, while performing their job duties, must remain neutral – allowing non-disruptive student religious activity, while neither endorsing nor discouraging it.

Federal case law makes clear that a violation of the United States Constitution's First Amendment Establishment Clause occurs if a school employee engages in conduct which a reasonable observer, familiar with the history and context of the conduct, would perceive as government endorsement of religion. I again emphasize that the District does not prohibit prayer or other religious exercise by employees while on the job. However, as my September 17 letter stated, such exercise must not interfere with the performance of job responsibilities, and must not lead to a perception of District endorsement of religion. I conclude that your conduct of October 16, 2015, is not consistent with these requirements.

Joe Kennedy
October 23, 2015
Page 2

As the District has emphasized to your legal representatives, paid assistant coaches in District athletic programs are responsible for supervision of students not only prior to and during the course of games, but also during the activities following games and until players are released to their parents or otherwise allowed to leave. Supervision of students, including in dressing rooms, is explicitly listed among the responsibilities of assistant coaches in the District. Indeed, I have confirmed with your head coach that for over ten years, all assistant coaches have had assigned duties both before and after each game and have been expected to remain with the team until the last student has left the event; that until recently, you regularly came to the locker room with the team and other coaches following the game; that you have been among the assistant coaches with specific responsibility for the supervision of players in the locker room following games; and that you have helped in the supervision of students until they are picked up by parents or leave the facility, including during post-game meetings between the head coach and coordinators. From this review, I am satisfied that you are and have been aware that as a paid assistant coach, you remain on duty following games until the last student has left the event. If that has been unclear, I trust any confusion on your part as to these expectations has now been remedied.

Thus, when you engaged in religious exercise immediately following the game on October 16, you were still on duty for the District. You were at the event, and on the field, under the game lights, in BHS-logoed attire, in front of an audience of event attendees, solely by virtue of your employment by the District. The field is not an open forum to which members of the public are invited following completion of games; but even if it were, you continued to have job responsibilities, including the supervision of players. While I understand that your religious exercise was fleeting, it nevertheless drew you away from your work. More importantly, any reasonable observer saw a District employee, on the field only by virtue of his employment with the District, still on duty, under the bright lights of the stadium, engaged in what was clearly, given your prior public conduct, overtly religious conduct. And there were many such observers: The game had ended mere moments earlier. Under federal court precedent, a court would almost certainly find your conduct on October 16, in the course of your District employment, to constitute District endorsement of religion in violation of the United States Constitution. That same case law not only allows, but requires, the District to prohibit such violations from recurring. In addition, Washington courts have held that Article IX Section 4 of the Washington Constitution, which provides that public schools "shall be forever free from sectarian control or influence," imposes an even more strict prohibition on public agency endorsement of religion.

I wish to again emphasize that the District does not prohibit prayer or other religious exercise by its employees. However, it must prohibit any conduct by employees that would serve as District endorsement of religion. I have explained above why your conduct of October 16 violates that expectation. On the other hand, I wish to make it clear that religious exercise that would not be perceived as District endorsement, and which does not otherwise interfere with the performance of job duties, can and will be accommodated. Development of accommodations is an interactive process, and should you wish to continue to engage in private exercise while on the job, the District will be happy to discuss options for that to occur in a manner that will not violate the law.

Joe Kennedy<br>
October 23, 2015<br>
Page 3

It is common for schools to provide an employee whose faith requires a particular form of exercise with a private location to engage in such exercise during the work day, not observable to students or the public, so long as this does not interfere with performance of job responsibilities. For example, a private location within the school building, athletic facility or press box could be made available to you for brief religious exercise before and after games, if this will not interfere with your assigned duties. Please let me know if you would like to discuss such accommodations.

Finally, I would like to remind you of what I said in my September 17 letter: That is, the District values very highly your positive contributions to the BHS football program, and in particular, your motivational and inspirational talks to the players. In that letter, I assured you that you could continue that practice, focusing on appropriate themes such as unity, teamwork, responsibility, safety and endeavor. After the game immediately following that letter, you provided such a talk to the players of both teams, while remaining entirely secular. That talk was well received, and appreciated by the District and the community. I would certainly encourage continuation of that practice.

To summarize: While on duty for the District as an assistant coach, you may not engage in demonstrative religious activity, readily observable to (if not intended to be observed by) students and the attending public. You may not repeat your conduct of October 16, 2015, for the reasons discussed above. Given the severity and likelihood of liability faced by the District in the event of further violations of these directives, any further violations will be grounds for discipline, up to and including discharge from District employment. It is my hope that you will choose to honor these expectations, and continue your positive work with the BHS football program for the remainder of this season.

Sincerely,

*[signature]*

Aaron Leavell, Ed.D.
Superintendent

/pg

*Aaron Leavell, Ed.D., Superintendent*
*Bremerton School District 100-C, 134 Marion Avenue N., Bremerton, Washington 98312*
*(360) 473-1006  ♦  Fax (360) 473-1040  ♦  E-mail: aaron.leavell@bremertonschools.org*
*An Equal Opportunity Employer and Educator*